**STATE**

v.

**Domingo GRULLON.**

No. 99–402–C.A.

Supreme Court of Rhode Island.

Nov. 5, 2001.

Aaron L. Weisman, Providence, for Plaintiff.

Paula Lynch Hardiman, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

This case comes before us on an appeal of a Superior Court judgment denying defendant's motion to restore property seized pursuant to G.L.1956 § 21–28–5.04.2,[1] Rhode Island's civil forfeiture statute.

### Facts and Procedural History

■ On March 3, 1998, the defendant, Domingo Grullon (defendant or Grullon), was arrested for unlawful delivery of a controlled substance. In connection with the arrest, $2,183 was seized from Grullon and, in accordance with § 21–28–5.04.2(f), Rhode Island's civil forfeiture statute, the seizing agency, the Providence Police Department filed a written request for forfeiture of the property. Thereupon, in accordance with § 21–28–5.04.2(g), the Attorney General determined that the property was subject to forfeiture and initiated administrative proceedings against the property. Pursuant to this section, a person whose property has been subjected to seizure has two avenues of review. First, he or she may file a petition for mitigation or remission of the forfeiture directly to the Department of the Attorney General (Department). The Department is required to provide the seizing authority, in this case the Providence police, and the person claiming entitlement to the property, a written decision on the petition for remission, generally within sixty days of receipt of the petition. Second, he or she may seek *de novo* judicial review of the seizure in the District Court. However, to use the second avenue of review, the moving party must file a claim with the Department and post a bond in the amount of 10 percent of the value of the seized property, or $250, whichever is greater. Following compliance with the bond requirements, the Department "shall file with the court a complaint *in rem* in accordance with the procedures set forth in this section." Section 21–28–5.04.2(h)(7). (Emphasis added.) Grullon, through counsel, availed himself of the first method of review and on May 28, 1998, his attorney filed a written request with the Department requesting a remission of the seized property. This request was denied by the Department. Although given notice of the availability of

---

1. General Laws 1956 § 21–28–5.04.2 provides in pertinent part:

"(h) If the value of any personal property seized does not exceed twenty thousand dollars ($20,000) * * * (4) Persons claiming an interest in the property may file petitions for remission or mitigation of forfeiture or a claim and cost bond with the attorney general within thirty (30) days of the final notice by publication or receipt of written notice, whichever is earlier. * * * (7) Any person claiming seized property under this subsection may institute *de novo* judicial review of the seizure and proposed forfeiture by timely filing with the attorney general a claim and bond to the state in the amount of ten percent (10%) of the appraised value of the property or in the penal sum of two hundred fifty dollars ($250), whichever is greater, with sureties to be approved by the attorney general, upon condition that in the case of forfeiture the claimant shall pay all costs and expenses of the proceedings at the discretion of the court. Upon receipt of the claim and bond, or if he or she otherwise so elects, the attorney general shall file with the court a complaint *in rem* in accordance with the procedures set forth in this section." (Emphasis added.)

*de novo* judicial review, Grullon failed to challenge the seizure any further. Consequently, on September 28, 1998, the Department prepared a written declaration of forfeiture. This declaration of forfeiture, when signed by the Attorney General, "[is] deemed to provide good and sufficient title to the forfeited property." Section 21–28–5.04.2(h)(10).

Subsequently, on May 12, 1999, at the close of the state's case in a jury-waived trial, the underlying drug charges against Grullon were dismissed by the trial judge. Emboldened by this victory, defendant moved, in the context of the criminal information, for the return of the money seized during his arrest. The defendant alleged that the Superior Court had jurisdiction to review an administrative forfeiture of property, particularly when, as here, the defendant was subsequently acquitted of the underlying offense. This motion to restore the seized property was denied by a justice of the Superior Court. Grullon is before us on an appeal of that decision and has advanced a constitutional attack on the civil forfeiture statute.

### Issues Presented

Although the defendant has raised a number of issues for our review, the core issue presented is whether, having failed to exhaust his statutory remedies, Grullon appropriately may seek judicial review in the Superior Court under the guise of a motion in the criminal information. Before this Court, Grullon asserted that the Department lacked probable cause when instituting forfeiture proceedings against him. He also challenged the forfeiture on due process grounds and argued that the forfeiture was in violation of his Eighth Amendment protections against the imposition of excessive fines in a criminal case.

### Discussion

We are satisfied that defendant's failure to pursue the statutory remedies available for claiming the return of his seized property is fatal to his appeal. The civil forfeiture statute in Rhode Island provides for a direct appeal of civil forfeitures to the Department and also provides a mechanism for *de novo* judicial review in the District Court. Section 21–28–5.04.2(h)(7). The defendant elected to pursue the first avenue of review and abandoned his right to judicial review.[2] All the arguments that defendant raises before this Court could have been addressed and, indeed were more appropriate for resolution, in the *de novo* judicial proceeding to which the defendant was entitled.

■ This Court previously has held that a civil forfeiture proceeding is an *in rem* proceeding against a physical object that has been seized by members of law enforcement either as fruits of the crime or contraband and is a separate proceeding from the underlying criminal prosecution where the court has *in personam* jurisdiction over the defendant. *State v. One 1990 Chevrolet Corvette VIN: 1G1YY3388I5111488*, 695 A.2d 502, 506 (R.I.1997). "[T]he legislative intent [of § 21–28–5.04] was to make the *in rem* proceedings clearly civil" and to be governed "by our civil action rules for *in rem* proceedings, thus distinguishing them from a traditional *in personam* criminal prosecution." 695 A.2d at 506. Therefore, a claim for the return of property that has been declared forfeited is a challenge to

---

**2.** It should be noted that defendant never advanced any claim that he was unable to comply with the monetary requirements necessary for the *de novo* judicial review, either because of hardship or because it would have implicated his Fifth Amendment privilege against self-incrimination. Consequently, we do not pass on those issues here.

the forfeiture and is not cognizable in the context of the criminal information.

 Nevertheless, defendant has asked this Court to examine the circumstances of the seizure and to construe the forfeiture statute in his favor. Such an exercise, either expressly or implicitly, requires findings of fact that were not made by any judicial officer. It is not the province of this Court to embark upon a fact-finding mission. *See State v. Clark,* 754 A.2d 73, 77 (R.I.2000). Further, the facts, as established during the criminal trial, are inapplicable to the validity of the civil forfeiture. As a separate civil proceeding, the *de novo* judicial review utilizes a "preponderance of the evidence" standard. *See* § 21–28–5.04.2(a). A criminal conviction, therefore, is neither required nor necessarily relevant in determining whether a civil forfeiture should be upheld. The defendant's assertion that the forfeiture amounted to a denial of due process and the Eighth Amendment's protection against the imposition of excessive fines was not raised in the appropriate judicial proceeding and is not properly before this Court.[3]

 The General Assembly has constructed a comprehensive legislative scheme for forfeitures related to drug offenses. As part of that scheme two procedures were developed to ensure appropriate due process protections for the forfeiture of seized property: a criminal forfeiture proceeding and a civil forfeiture proceeding. Section 21–28–5.04. The latter, pursuant to which the defendant's property was forfeited, may be used in addition to or in lieu of the criminal forfeiture proceeding. Section 21–28–5.04.2(a). As this Court recognized in

*One 1990 Chevrolet Corvette,* it is a separate *in rem* proceeding against a physical object and is distinct from an *in personam* criminal prosecution. While civil *in rem* proceedings may be quasi-criminal in nature, the rules that govern them are wholly civil. *One 1990 Chevrolet Corvette,* 695 A.2d at 506. The comprehensive nature of the statute and its explicit language make it clear that a request for remission and *de novo* judicial review are the only methods available to a defendant whose property has been subject to a civil forfeiture.

### Conclusion

Accordingly, the defendant's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers in the case are remanded to the Superior Court.

---

**3.** The defendant's argument in the Superior Court focused on the jurisdictional bar to his claim and the constitutional arguments were never raised or addressed in the Superior Court.